IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| WILLIAM PAYNE, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | Civil Action No. 11-417-GMS |
| RANDALL WORKMAN, Warden, and ATTORNEY GENERAL OF THE STATE OF OKLAHOMA, | ) | |
| Respondents. | ) | |

## MEMORANDUM

### I. BACKGROUND

Pending before the court is a document which appears to be petitioner William Payne's request for habeas corpus relief filed pursuant to 28 U.S.C. § 2254 ("petition"). (D.I. 1) According to the petition, a jury in the District Court of Oklahoma County convicted Payne of first degree burglary, attempted first degree rape, and assault and battery with a dangerous weapons. *Id.* at 3-4. He was sentenced to life imprisonment on all three counts, all sentences to run concurrently. *See Payne v. Sirmons*, 2008 WL 2901599, at *1 (W.D. Okla. July 28, 2008).

### II. STANDARD OF REVIEW

Federal courts are required to liberally construe *pro se* filings. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998). Nevertheless, a district court may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." *See* Rule 4, 28 U.S.C. foll. § 2254.

### III. DISCUSSION

Having reviewed the face of the petition, the court concludes that summary dismissal is

appropriate in this case. Payne is not in custody in the State of Delaware, he does not challenge a sentence or conviction imposed by the State of Delaware, and he does not challenge a sentence or conviction imposed by this court. *See* 28 U.S.C. § 2254; 28 U.S.C. § 2241(d)(petition may be filed either in the district "wherein such person is in custody or . . . the district within which State court was held which convicted and sentenced him"); 28 U.S.C. § 2242; Rules Governing Section 2254 Cases in the United District Court, Rule 2(a). Therefore, the court does not have jurisdiction over the instant proceeding.

## IV. CONCLUSION

For the aforementioned reason, the court will dismiss Payne's § 2254 petition for lack of jurisdiction. The court will also decline to issue a certificate of appealability because Payne has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2008); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate Order will be entered.

July 28, 2011
DATE

CHIEF UNITED STATES DISTRICT JUDGE